IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.  4:19-CR-00070-01-BRW

LEROY DEWAYNE CUNNINGHAM

### ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 55) is DENIED.

Guideline Amendment 821 does not change Defendant's criminal history category. His criminal history category is VI based on his status as an Armed Career Criminal. Even if Defendant was not an Armed Career Criminal, his criminal history score would go from 15 to 14, but his criminal history category and guideline range would remain the same.[1]

Additionally, Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 5th day of March, 2024.

                                                    Billy Roy Wilson
                                                    UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 27.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).